IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES G. AKERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:12-0901 |
| | ) JUDGE SHARP/ KNOWLES |
| | ) |
| SPECIALIZED LOAN SERVICING, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court, *sua sponte,* with regard to an issue concerning this Court's jurisdiction. "[E]very federal court, whether trial or appellate, is obliged to notice want of subject matter jurisdiction on its own Motion." *Things Remembered, Inc. v. Petrarca, Inc.*, 516 U.S. 124, 132 n.1 (Ginsburg, J., concurring). *See also Answers in Genesis of Kentucky, Inc., v. Creation Ministries International, Ltd*., 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").

Plaintiff has invoked the jurisdiction of the Court under 28 U.S.C. § 1332(a)(1)(diversity of citizenship). Plaintiff identifies himself as a citizen of the State of Tennessee. Docket No. 1, p. 2. He identifies Defendant as a "Limited Liability Company within the State of Colorado and with its principal offices located" in the State of Colorado. *Id*. Plaintiff further avers that Defendant has been "owned and 'managed'" by three people who apparently have addresses in Colorado. *Id.* The allegations regarding Defendant, however, are not sufficient to establish that

this Court has diversity jurisdiction of this action. The Sixth Circuit has held that the citizenship of a limited liability company is determined by the citizenship of each of its members, and not with regard to the state in which it is incorporated or the state in which it has its principal place of business. *See Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009).

The burden of establishing the existence of diversity jurisdiction rests upon Plaintiff, who has invoked the Court's jurisdiction. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936).

Within twenty (20) days of the entry of this Order, Plaintiff shall file a Response to this Order addressing the points discussed above and establishing that the Court does, in fact, have subject matter jurisdiction of this action. Defendant may, but is not required to, file a Reply to Plaintiff's Response within fifteen (15) days after the filing of Plaintiff's Response.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge