IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES G. AKERS,                        )
                                       )
    Plaintiff,                         )
                                       )
v.                                     )   Case No. 3:12-cv-00901
                                       )   Judge Sharp / Knowles
SPECIALIZED LOAN SERVICING, LLC,       )
                                       )
Defendant.                             )

## REPORT AND RECOMMENDATION

Pending before the Court is pro se Plaintiff's Motion for Judgment on the Pleadings. Docket No. 25. Plaintiff has filed a supporting Memorandum of Law. Docket No. 26. Defendant has filed a Response. Docket No. 29.

Plaintiff filed his Motion for Judgment on the Pleadings on February 8, 2013, essentially arguing that the Court should grant his Motion because he filed his Verified Complaint on August 31, 2012, and, as of January 31, 2013, Defendant had not yet filed its Answer or other responsive pleading. Docket No. 25. On February 15, 2013, one week after Plaintiff filed his Motion for Judgment on the Pleadings, Defendant filed its pending Motion to Dismiss. Docket No. 27.

On February 22, 2013, one week after filing its pending Motion to Dismiss, Defendant filed its Response to Plaintiff's Motion for Judgment on the Pleadings. Docket No. 29. In that Response, Defendant argued that Plaintiff's Motion should be denied because the reason it had not filed an Answer or other responsive pleading in this action was because, "the Court granted [Defendant] an extension to respond to the Petition until after the Court resolved a jurisdictional

issue -- which it has not done to date." *Id.*, p. 1.

In an Order dated May 8, 2013 (Docket No. 32), the undersigned addressed Defendant's assertion and clarified that the jurisdictional issue to which Defendant refers had actually been resolved on October 17, 2012, when Defendant conceded that this Court had subject-matter jurisdiction over this matter (Docket No. 24). In the Court's May 8, 2013 Order, the undersigned gave Defendant twenty-one (21) days from the date of the entry of that Order in which to file its Answer or other responsive pleading. Docket No. 32. On May 24, 2013, Defendant filed a Motion to Renew its Motion to Dismiss as its responsive pleading. Docket No. 34.

This is a foreclosure and loan-modification action. In the instant Motion, Plaintiff argues that, because Defendant had not filed an Answer or other responsive pleading, Defendant had "effectively" admitted the allegations against it and has waived all defenses to which it would otherwise be entitled, such that Defendant is "procedurally barred from now raising any 'genuine issue as to material fact.'" Docket No. 26. Plaintiff seeks a restraining order "prohibiting any and all further acts of fraud, coercion, intimidation, extortion, harassment, and/or threats of every nature - - **specifically including** all further and unjustifiable 'Notice(s) of Default and Notice(s) of Intent to Foreclose' by and/or on behalf of [Defendant], its officers, agents, servants, employees, attorneys, and/or all other persons who are in active concert or participation with any of them . . . ." Docket No. 25, p. 3 (emphasis original). Plaintiff also seeks an injunctive order "compelling [Defendant], its officers, agents, servants, employees, attorneys, and/or all other persons who are in active concert or participation . . . to fully honor and implement all terms and conditions of the 'HOME AFORDABLE [*sic*] MODIFICATION AGREEMENT' ('the contract') entered into on April 16, 2011 . . . ." *Id.*, p. 3-4 (capitalization original). Plaintiff

2

"alternatively" seeks "leave . . . to deposit into this Court all sums properly due and yet to become properly due pursuant to the terms and conditions of the contract until such time as Morgan Stanley has duly appointed and formally notified [Plaintiff] of a lawful successor and/or replacement for [Defendant]." *Id.*, p. 4. Finally, Plaintiff seeks any and all other relief, "both legal and equitable," to which he may be entitled. *Id.*

Although Plaintiff's Motion is entitled a Motion for Judgment on the Pleadings, it is essentially a Motion for Default, as Plaintiff's sole ground for his Motion is Defendant's alleged failure to file a responsive pleading. *See* Docket Nos. 25, 26. As has been noted, however, Defendant has filed a Response to the instant Motion (Docket No. 29), as well as a Motion to Dismiss (Docket No. 27), and a Renewed Motion to Dismiss (Docket No. 34).

Plaintiff is entitled to neither a Default Judgment, nor a Judgment on the Pleadings. This action should be determined on the merits, and the merits will be address in the undersigned's analysis of Defendant's pending Motion to Dismiss. Accordingly, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 25) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

4